# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DEBORAH BROWN-BOYER,

     Plaintiff,

                                       Case No:

v.

                                       Hon.

TWELVE OAKS MALL, L.L.C,

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Deborah Brown-Boyer (hereinafter "Willis"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant, Twelve Oaks Mall, L.L.C.("Twelve Oaks") states as follows:

1.    Plaintiff, Deborah Brown-Boyer is a resident of the City Detroit, County of Wayne and State of Michigan.

2.    Defendant, Twelve Oaks Mall, L.L.C. is a Michigan Limited Liability

Company whose resident agent is Michele Walton, whose resident address is 200 East Long Lake Rd., Bloomfield Hills, Michigan 48304 entity duly authorized to do business in the Southeastern District in the State of Michigan.

3.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of race and sex/gender discrimination and retaliation in violation of Title VII, 42 U.S.C. §1981  and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein. Plaintiff is an African-American female who began her employment with Defendant, in April, 2024 and was recently was employed  as the Assistant Project Manager.

7.      Since working for Defendant Plaintiff been subjected to harassment and discrimination due to her race.

8.      Plaintiff's  Manager,  Carol  Stencil  would  make  intentional  racial

offensive comments on a regular basis creating a hostile and offensive working environment.

9.     Ms. Stencil made derogatory comments about Plaintiff and other African-Americans based on race including, but not limited to:

    a.  Telling Plaintiff that the African-Americans working at Twelve Oaks was "not welfare";

    b.  Asking why the African-American employees were sitting in the dark adding "where they come from you'd think they would appreciate light";

    c.  Commenting that African-American employees were "all on Medicaid" and were all "dumbasses."

10.    Plaintiff was not alone in being mistreated and harassed due to her race, a number of African-American employees complained to Plaintiff that Ms. Stencil was discriminating against them due to their race.

11.    They described incidents familiar to Plaintiff of targeting, bullying and abusive treatment by Ms. Stencil.

12.    On or about June 1, 2024 Plaintiff complained to the Regional Manager, Damon McClellan that she was being harassed and discriminated against due to her race by the manager.

13.    Plaintiff also reported to Mr. McClellan that she was receiving complaints of race harassment and discrimination from other African-American employees.

14.     Mr. McClellan told Plaintiff he would forward her complaint to Human Resources.

15.     In addition, Plaintiff complained to Defendant's Human Resources Department on at least two separate occasions but nothing was done to stop or prevent the harassment.

16.     After Plaintiff complained, Defendant retaliated against her by changing her hours.

17.     On June 13, 2024 in response to Plaintiff's complaint, she was retaliated against and subjected to an adverse employment action when she was placed on 30-day probation after Defendant called her a gossiper and liar for her complaints of race discrimination.

18.     In August Ms. Stencil took her abuse and discrimination to a new level and was running up getting into Plaintiff's face telling her to be quiet and to stop talking to employees about their complaints of discrimination.

19.     Ms. Stencil became so aggressive and volatile Plaintiff was concerned for her safety so she called Mall Security.

20.     Later that day Plaintiff was terminated for her complaints of race discrimination and for calling Mall Security to report that she was in fear for her safety due to her race.

21.     Plaintiff was harassed, discriminated against and retaliated against due

to her race in violation of Title VII, 42 U.S.C. §1981 and the ELCRA.

22.   At all pertinent times Plaintiff was an exemplar employee.

23.   During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

24.   Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

25.   Defendant, through its agents, representatives and employees were predisposed to harass and discriminate against Plaintiff on the basis of her race and acted in accordance with that predisposition.

26.   Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

27.   On January 27, 2025 Plaintiff filed a Charge of Discrimination against Defendant, Twelve Oaks Mall, Charge Number 471-2025-02501.

28.   On July 30, 2025, the EEOC issued a Right to Sue letter against Defendant, Twelve Oaks Mall.

## COUNT I
## RACIAL DISCRIMINATION AND HARASSMENT

29.   Plaintiff incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

5

30.    Plaintiff belongs to a protected class as an African American.

31.    Plaintiff was subjected to unwelcome communication and conduct due to her race.

32.    The racially charged conduct towards Plaintiff was unwelcome.

33.    Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

34.    The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

35.    Plaintiff believed his work environment to hostile and abusive as a direct result of Defendant's conduct.

36.    Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment and was terminated due to her race.

37.    The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to her race .

38.    Pursuant to 42 U.S.C. §1981, Title VII and the ELCRA Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or

retaliation, including suspension from his employer and/or supervisors based upon her race.

39.     Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

40.     Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

41.     Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981, Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

42.     Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

**COUNT III**
**RETALIATION IN VIOLATION OF**
**42 U.S.C. §1981, TITLE VII AND THE ELCRA**

43.    Plaintiffs incorporate by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.    Pursuant to 42 U.S.C. §1981, Title VII and the ELCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors on the basis of her sex and race.

45.    Plaintiff was harassed and discriminated against due to her sex/gender and race by her immediate supervisor.

46. Defendant created a hostile work environment for Plaintiff as a result of Defendant's continuous comments, remarks, and conduct based on sex and race and Plaintiff's sex and race.

47. Plaintiff engaged in a protected act under Title VII and the ELCRA by complaining of sex/gender discrimination.

48.    Plaintiff engaged in a protected act under 42 U.S.C. §1981, Title VII and the ELCRA by complaining of race and sex/gender discrimination.

49.    As a result of Plaintiff's protected activity, she was retaliated against by Defendant, including Defendant's employees, agents, and supervisors.

50.    As a result of engaging in a protected activity, Plaintiff was subjected to hostile and offensive conduct by co-workers and when they complained to

Defendant, United, no remedial actions were taken.

51.     Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating and retaliating against employees.

52.     Defendant owed Plaintiff a duty to not retaliate against her for making complaints of sex/gender discrimination and assault.

53.     As a direct and proximate result of the actions of Defendant, Plaintiffs were the subject of discriminatory conduct and retaliation.

54.     Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey_____
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 23, 2025

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Deborah Brown-Boyer, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey_____
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 23, 2025